UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXA XL INSURANCE COMPANY
UK LIMITED, et al.,

     Plaintiffs,

v.                                      Case No. 8:25-cv-202-WFJ-AAS

GARY MCPHERSON as Personal
Representative of the ESTATE of
VIRGINIA MCPHERSON, et al.,

     Defendants.
_____/

## ORDER

Plaintiffs move to compel Defendants Delta Healthcare II, LLC d/b/a Seasons Largo Assisted Living & Memory Care (Delta) and Michael Eloian to provide supplemental responses and produce all documents responsive to Requests 1 and 7 of Plaintiffs' Second Request for Production and to provide an answer to Interrogatory 2 of Plaintiffs' Second Interrogatories. (Doc. 101). Delta and Mr. Eloian responded in opposition. (Doc. 107).

## I.    BACKGROUND

This litigation arises from Ms. Virginia McPherson's fall at Delta's assisted living facility, her subsequent death, and the ensuing wrongful death litigation in state court initiated by Mr. Gary McPherson (the Underlying Litigation). Mr. Eloian is Delta's registered agent. The plaintiffs are

1

underwriters with Lloyd's of London who underwrite insurance policies issued to Delta.[1] The Underlying Litigation resulted in a default judgment against Delta and Mr. Eloian after a jury trial on damages convened on Monday, September 23, 2024.

On January 24, 2025, the plaintiffs filed this declaratory judgment action seeking relief from their obligation to defend and indemnify the defendants. (Doc. 1). The plaintiffs argue Delta and Mr. Eloian did not give the insurers proper notice of the Underlying Litigation. The defendants asserted common law and statutory bad faith counterclaims against the plaintiffs for failing to defend the Underlying Litigation. (Doc. 30). The court abated the defendants' bad faith counterclaims until the coverage dispute is resolved. (Doc. 62).

The plaintiffs now move to compel Delta and Mr. Eloian to produce documents in response to Requests 1 and 7 in Plaintiffs' Second Request for Production and to answer Interrogatory 2 in Plaintiffs' Second Interrogatories. (Doc. 101). Each of these disputed requests concern communications or documents related to a March 2024 Landlord Agreement. (*Id.* at 5).

## II.    LEGAL STANDARD

---

[1] "Lloyd's London, is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010).

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps the parties ascertain facts bearing on the issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional.[2] *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III.   ANALYSIS

The plaintiffs request the court overrule Delta's and Mr. Eloian's objections to the two disputed RFPs and the singular disputed interrogatory. (Doc. 101). The plaintiff's motion to compel (Doc. 101) is **GRANTED in part and DENIED in part**.

---

[2] In the response, Delta and Mr. Eloian take issue with the plaintiffs' supporting cases because those cases apply the old, broader relevancy language of "reasonably calculated to lead to the discovery of admissible evidence" standard. (Doc. 107, pp. 8–9). The court previously addressed this error at a hearing.

The disputed discovery requests are listed below:

*Request for Production no. 1:*

Any and all communications with any banks or financial institutions that resulted in the Agreement between landlord and operator for assisted living facility management ("Landlord Agreement"), attached as Exhibit 1.

*Request for Production no. 7:*

Any documents to or from Delta Healthcare II, LLC d/b/a Seasons Largo Assisted Living & Memory Care, Michael Eloian, James "Jimmy" Kalyvas, and/or Center Bay Office, Inc. between January 1, 2024 and May 1, 2024 and related to:

> a. Any accounts, mortgages, loans, lines of credit, or leases;
>
> b. Documents relating in any way or requesting a copy of any agreements between Center Bay Office, Inc. and Delta Healthcare II, LLC d/b/a Seasons Largo Assisted Living & Memory Care (including, but not limited to the aforementioned Landlord Agreement attached as Exhibit 1).

(Doc. 107-3, pp. 4–5).

*Interrogatory no. 2:*

When and why did you first contact counsel to prepare the Agreement between landlord and operator for assisted living facility management ("Landlord Agreement"), attached as Exhibit 1.

(Doc. 107-4, p. 5). Delta and Mr. Eloian object to these requests and the

interrogatory on relevancy grounds.

The plaintiffs argue the requests are relevant because "the parties are

litigating the question of when Delta and Eloian first had notice of McPherson's

4

lawsuit, and Delta's decision to transfer essentially all of its assets to a related entity—just a few weeks after the date that a process server testified he served them—is consistent with knowledge of the lawsuit against them." (Doc. 101, p. 4). The plaintiffs advance a theory that Delta and Mr. Eloian may have fraudulently transferred their assets through the March 2024 Landlord Agreement after learning of the McPherson lawsuit and that "reluctance to document actual knowledge of the McPherson lawsuit would provide a motive for not reporting the loss to [their] insurers." (Doc. 101, p. 8). In response, Delta and Mr. Eloian label this a "conspiracy theory" and argue the plaintiffs are seeking to relitigate Florida's Uniform Fraudulent Transfer Act (FUFTA) matters, which were previously litigated in state court. (Doc. 107).

Upon consideration, the fact of the March 2024 Landlord Agreement, the timing of the March 2024 Landlord Agreement, and the motivation for the March 2024 Landlord Agreement are sufficiently related to this coverage dispute because this information is sufficiently relevant to the issue of when Delta and Mr. Eloian had notice of the Underlying Litigation. The parties are litigating whether the "Underwriters were obligated by one of the insurance policies to defend or indemnify Delta and Eloian." (Doc. 1, p. 17). Specifically, whether Delta and Mr. Eloian complied with their contractual obligations to give notice of the claim. (*Id.*).

The "question of whether an insured's untimely reporting of loss is

5

sufficient to result in the denial of recovery implicates a two-step analysis." *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 879 (11th Cir. 2015). "The first step is to determine whether the insured provided timely notice. Next, if notice was untimely, prejudice to the insurer is presumed, but that presumption may be rebutted." *Id.* (citing *Bankers Ins. Co. v. Macias,* 475 So.2d 1216, 1218 (Fla.1985)). "Under Florida law, 'the burden [is on] the insured or the third-party beneficiary to prove the lack of prejudice." *Gemini II Ltd. v. Mesa Underwriters Specialty Ins. Co.*, 592 Fed. App'x. 803, 806 (11th Cir. 2014) (alteration in original) (quoting *United States v. United Bonding Ins. Co.*, 422 F.2d 277, 280 (5th Cir. 1970)).

The plaintiffs already obtained deposition testimony from James Kalyvas concerning the fact and timing of the March 2024 Landlord Agreement. That discovery — the fact of the landlord agreement and its timing — is sufficiently relevant and proportional to the issue of whether Delta and Mr. Eloian had knowledge of the Underlying Litigation in February 2024. The motivation for entering into the March 2024 Landlord Agreement is also relevant. For example, if Delta's and Mr. Eloian's motivation was to protect assets from pending litigation, that would indicate knowledge of the lawsuit, which is relevant to the untimely notice dispute. Accordingly, the motion to compel is **GRANTED** as to Interrogatory no. 2 and RFP no. 1. The RFP is sufficiently limited in scope because it requests communications that

"resulted" in the March 2024 Landlord Agreement. This narrow set of communications, along with the information requested by the Interrogatory, is limited and sufficiently relevant and proportional to the issue of when Delta and Mr. Eloian became aware of the Underlying Litigation.

However, any additional details or documents concerning the March 2024 Landlord Agreement are not relevant and proportional to the notice issue. *See Davison v. Novartis Pharm. Corp.*, No. 8:21-CV-1782-WFJ-AAS, 2022 WL 2193156 at *3 (M.D. Fla. June 17, 2022) ("discovery is shaped by the allegations in the complaint in that discovery must be relevant to the claims at issue in the litigation." (quotation omitted). Accordingly, the motion to compel is **DENIED** as to RFP no. 7. This request seeks details of the March 2024 Landlord Agreement that are beyond the permissible scope of discovery.

## IV.    CONCLUSION

For the aforementioned reasons, the plaintiffs' Motion to Compel (Doc. 101) is **GRANTED in part and DENIED in part.** The Motion to Compel is GRANTED as to RFP no. 1 and Interrogatory no. 2. Delta and Mr. Eloian must produce documents responsive to RFP no. 1 and answer Interrogatory no. 2. The Motion to Compel is DENIED as to RFP no. 7.

**ORDERED** in Tampa, Florida on March 13, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

7