UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXA XL INSURANCE COMPANY
UK LIMITED, et al.,

      Plaintiffs,

v.                              Case No. 8:25-cv-202-WFJ-AAS

GARY MCPHERSON as Personal
Representative of the ESTATE of
VIRGINIA MCPHERSON, et al.,

      Defendants.
_____/

## ORDER

The plaintiffs move to compel Defendants Delta Healthcare II, LLC d/b/a Seasons Largo Assisted Living & Memory Care (Delta) and Michael Eloian to provide answers to Interrogatories 4 and 5 of Plaintiff MS Amlin Corporate Member Ltd.'s Second Set of Interrogatories to Delta and Mr. Eloian and produce all documents responsive to Request 1 of Plaintiffs' Third Request for Production to Delta. (Doc. 106). The plaintiffs also request the court prohibit Delta and Mr. Eloian from using a caption indicating they alleged counterclaims against the plaintiffs. Delta and Mr. Eloian responded in opposition. (Doc. 110).

## I.    BACKGROUND

This litigation arises from Ms. Virginia McPherson's fall at Delta's assisted living facility, her subsequent death, and the ensuing wrongful death litigation in state court initiated by Mr. Gary McPherson (the Underlying Litigation).    Mr. Eloian is Delta's registered agent. The plaintiffs are underwriters with Lloyd's of London who underwrite insurance policies issued to Delta.[1] The Underlying Litigation resulted in a default judgment against Delta and Mr. Eloian after a jury trial on damages convened on Monday, September 23, 2024.

On January 24, 2025, the plaintiffs filed this declaratory judgment action seeking relief from their obligation to defend and indemnify the defendants. (Doc. 1). The plaintiffs argue Delta and Mr. Eloian did not give the insurers proper notice of the Underlying Litigation. The defendants assert common law and statutory bad faith counterclaims against the plaintiffs for failing to defend the Underlying Litigation. (Doc. 30). The court abated the defendants' bad faith counterclaims until the coverage dispute is resolved. (Doc. 62).

The plaintiffs now move to compel Delta and Mr. Eloian to answer

---

[1] "Lloyd's London, is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010).

Interrogatories 4 and 5 in Plaintiff MS Amlin Corporate Member Ltd.'s Second Set of Interrogatories and to produce all documents responsive to Request 1 of Plaintiffs' Third Request for Production. (Doc. 106). Each of these disputed requests concerns communications or documents related to a March 2024 Landlord Agreement. (*Id.* at 5).

## II.   LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps the parties ascertain facts bearing on the issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional.[2] *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at \*2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*,

---

[2] In the response, Delta and Mr. Eloian take issue with the plaintiffs' supporting cases because those cases apply the old language of "reasonably calculated to lead to the discovery of admissible evidence" standard. (Doc. 110, pp. 4–5). The court previously addressed this error at a hearing.

762 F.2d 1550, 1559–60 (11th Cir. 1985).

### III. ANALYSIS

The plaintiffs request the court overrule Delta's and Mr. Eloian's objections to the two disputed interrogatories and the singular disputed request for production. (Doc. 106). The plaintiffs also request the court to order Delta and Mr. Eloian to cease using a caption indicating that there is a pending counterclaim. (*Id.* at 12−13). The plaintiffs' motion to compel (Doc. 106) is **GRANTED in part and DENIED in part**.

#### A. The Discovery Disputes

The disputed discovery request and interrogatories were separately submitted to Delta and Mr. Eloian and are identical. The disputed discovery requests are listed below:

*Interrogatory no. 4:*

Identify any request or correspondence from any banks or financial institutions that caused you to enter into the Agreement between landlord and operator for assisted living facility management ("Landlord Agreement") labeled Exhibit 20 to the deposition of James Kalyvas. For each such request or correspondence:

    a. List the names, addresses, phone numbers, and/or other contact information for the individual or individuals that made such requests.

    b. Provide the substance of such requests, and if the exact details are not known, provide a summary of such requests to your best recollection.

    c. List and provide the details of any written, electronic,

4

and/or verbal communications that relate to this request, and if the exact details are not known, provide a summary to your best recollection.

d. If there were any written, electronic, and/or verbal communications that relate to this request which you lost and/or destroyed, provide a summary of such requests to your best recollection and if destroyed, the reason behind doing so.

### *Interrogatory no. 5:*

Please give the name, address, phone number, and email address of each person who communicated with Delta or its representatives on behalf of any bank or financial institution concerning the agreement between Delta and Center Bay Office, Inc., a copy of which was labeled Exhibit 20 to the deposition of James Kalyvas in this matter, including but not limited to any communications concerning the need for such agreement, the requests for copies of the agreement, explanations of the agreement's purpose or particulars, or transmittal of a copy of the agreement.

(Docs. 106-1, pp. 5–7; 106-2, pp. 5–7).

### *Request for Production no. 1:*

Any documents relied on or referenced in MS Amlin Corporate Member Ltd.'s interrogatories served concurrently with this request or in your responses thereto.

(Docs. 106-3, p. 3; 106-4, p. 3). Delta and Mr. Eloian object to these interrogatories and the request as being irrelevant and not proportional to the needs of the case. (Doc. 110). They further object "Defendant cannot respond to this request because: (a) Defendant is not in possession of 'the deposition of James Kalyvas in this matter' and the corresponding exhibits; and (b) Plaintiff did not attach 'Exhibit 20' to its interrogatories." In addition, Mr. Eloian objects

5

to the interrogatories, stating he is not the proper party to respond and that he did not enter into any agreement in his individual capacity.

For the same reasons described in the court's prior order (Doc. 112), information concerning the March 2024 Landlord Agreement is sufficiently relevant and proportional to the issue of whether Delta and Mr. Eloian had knowledge of the Underlying Litigation in February 2024.

In addition, the discovery sought is sufficiently identified. Delta's and Mr. Eloian's objections that they cannot respond to interrogatories and the request about an undated agreement between Delta and Center Bay identified as Exhibit 20 because it was not attached to the requests are overruled. The Interrogatories seek information about the March 2024 Landlord Agreement between Center Bay and Delta. The court is unconvinced Delta and Mr. Eloian could not reasonably identify the Agreement between Delta and Center Bay, to which Delta is a party and on which Mr. Eloian's signature appears. Further, Mr. Eloian's objection that he is not a proper party to respond to the interrogatories because he did not enter into the agreement in his individual capacity is overruled.

Accordingly, the motion to compel is **GRANTED** as to Interrogatories no. 4 and 5, and RFP no. 1. The interrogatories and the RFP are relevant and proportional to the issue of when Delta and Mr. Eloian became aware of the Underlying Litigation.

**B. The Caption Dispute**

The plaintiffs' request to prohibit Delta and Mr. Eloian from referencing the existence the counterclaims in the case caption is **DENIED**. The court agrees with Delta's and Mr. Eloian's position that there is nothing to correct in their version of the case caption. The defendants remain counterclaim plaintiffs, even with their counterclaim currently abated. Significantly, the counterclaims are not dismissed. Any concerns about the appearance of any specific documents to be submitted to a jury may be raised at a final pretrial conference. Accordingly, the motion to compel is **DENIED** as to the plaintiffs' request to prohibit Delta and Mr. Eloian from referencing the existence of their counterclaims in the case caption they affix to their filings.

**IV.   CONCLUSION**

For the aforementioned reasons, the plaintiffs' Motion to Compel (Doc. 106) is **GRANTED in part and DENIED in part.** The Motion to Compel is GRANTED as to Interrogatory nos. 4 and 5 and RFP no. 1. No later than **March 27, 2026**, Delta and Mr. Eloian must produce documents, to the extent they exist, responsive to the RFP and must answer the interrogatories. The Motion to Compel is DENIED as to the request to prohibit Delta and Mr. Eloian from referencing the existence of the counterclaims in the caption on their filings.

**ORDERED** in Tampa, Florida on March 18, 2026.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

7