**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AXA XL INSURANCE COMPANY**
**UK LIMITED, et al.,**

      **Plaintiffs,**

v.                                                    **Case No. 8:25-cv-202-WFJ-AAS**

**GARY MCPHERSON as Personal**
**Representative of the ESTATE of**
**VIRGINIA MCPHERSON, et al.,**

      **Defendants.**

_____/

## <u>ORDER</u>

This order follows the *in camera* review of the documents AXA XL Insurance Company UK Limited (AXA XL) provided to the undersigned from Plastridge for the date range of September 20, 2024 through November 22, 2024. The documents listed in this order are identified according to the names of the documents (mainly PDFs but also two voicemails and two spreadsheets that were not conducive to presentation as PDFs) emailed to chambers. In addition to providing the documents for *in camera* review, Plastridge also provided a privilege log identifying its claim of privilege and/or work-product protection for each document. The court cannot determine whether Plastridge provided this privilege log to counsel for Delta and Mr. Eloian. Plastridge must

1

provide a copy of its privilege log to counsel for Delta and Mr. Eloian.

The court reviewed Plastridge's documents first for relevance and proportionality. If the documents were relevant and proportional, the court reviewed whether they should nonetheless be protected from production under the attorney-client privilege or the work-product doctrine. In summary, for the reasons explained in section II below, none of the documents the court identified as relevant and proportional were properly withheld from discovery.

## I.    Documents Identified as Not Relevant and Proportional

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). After *in camera* review, the following documents are not subject to discovery because they are not relevant to any party's claim or defense and proportional to the needs of the case:

1. "Plastridge Combined Documents_printed.pdf"

   - 0000001;
   - 0000002;
   - 0000003−0000004;
   - 0000602−0000603;

2. The redacted portions of "PlastridgeInCameraReview_0000410.pdf"

(and "PlastridgeInCameraReview_0000410.xlsx") but the unredacted line contains information that is relevant and proportional and so subject to production;

3. The redacted portions of "PlastridgeInCameraReview_0000676.pdf" (and PlastridgeInCameraReview_0000676.xlsx") but the unredacted line contains information that is relevant and proportional and so subject to production.

## II. Documents to be Produced

Generally, a party is entitled to discover relevant evidence unless the opposing party can meet its burden of establishing a privilege or the work product doctrine exempts discovery. Relevant and proportional documents that are not protected by an applicable privilege must be produced. Plastridge, through the privilege log, asserted all the documents in the "Plastridge Combined Documents_printed.pdf." are protected by the work product doctrine. However, the entire claim file is not afforded a blanket work product protection. *See e.g., Great Am. Assurance Co. v. Ride Sols., Inc.*, No. 3:16-CV-372-J-32JBT, 2016 WL 9488777 at *2 (M.D. Fla. Dec. 22, 2016) (rejecting "Plaintiff's argument that the claim file is not discoverable."). Additionally, communications between attorney and client must be confidential for the

attorney-client privilege to apply. *See Centennial Bank v. Servisfirst Bank Inc.*, No. 816MC00082CEHJSS, 2016 WL 6037552 at \*7 (M.D. Fla. Oct. 14, 2016) ("Communications between a client and lawyer are confidential if they are 'not intended to be disclosed to third persons other than . . . [t]hose to whom disclosure is in furtherance of the rendition of legal services to the client' or '[t]hose reasonably necessary for the transmission of the communication.'") (quoting § 90.502(1)(c), Fla. Stat. (2016)).

The documents listed below must be produced because they are relevant and proportional to the claims and defenses in this coverage dispute, and Plastridge has not met its burden of proving the existence of a privilege or protection from discovery. Consequently, any asserted privilege for the documents is overruled. *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 690 (M.D. Fla. 2005) ("The party asserting the privilege has the burden of proving the existence of the privilege.").

1. "Plastridge Combined Documents_printed.pdf"

- 0000005−0000006 (with attachments at 0000007−0000009; 0000010−0000012; 0000013−0000025) must be produced because the roles of Ms. Edge's email recipients are unclear, the email thread does not request or provide legal advice, and the prior email from Ms. Stein with Cole, Scott, and Kissane was

4

sent to both Ms. Edge and Ms. Smith at Trans11. Plastridge has not met its burden of demonstrating that this email thread and its attachments should be shielded from discovery because of attorney-client privilege or the work product doctrine.

- 0000026−0000030 (with attachment at 00000031−0000145) must be produced. The correspondence is an email that was originally copied to Mr. Eloian and other representatives of Delta and then forwarded by Ms. Edge to Ms. Smith at Trans11. No privilege or work product protection applies.

- 0000146−0000150 must be produced. Mr. Eloian and representatives of Delta are copied on the email (notably that information was omitted from Plastridge's privilege log). Plastridge has not met its burden of demonstrating that this email thread should be shielded from discovery because of the work product doctrine.

- 0000151−0000155 must be produced. This email thread is between Mr. Eloian and Plastridge with additional representatives of Delta copied. Plastridge has not met its burden of demonstrating that this email thread should be shieled from discovery because of the work product doctrine.

- 0000156–0000159 (with attachments at 0000160–0000215) must be produced. This email thread is between Mr. Eloian and Plastridge with additional representatives of Delta copied. Plastridge has not met its burden of demonstrating that this email thread and its attachments should be shieled from discovery because of the work product doctrine.

- 0000216–0000219 (with attachments at 0000220–0000278) must be produced. This email thread is between Mr. Eloian and Plastridge with additional representatives of Delta copied. Plastridge has not met its burden of demonstrating that this email thread and its attachments should be shielded from discovery because of the work product doctrine.

- 0000279–0000281 must be produced. This email thread is between Jimmy Kalyvas at Delta and Plastridge with Mr. Eloian and Bill Kalyvas at Delta copied. Plastridge has not met its burden of demonstrating that this email thread should be shieled from discovery because of the work product doctrine.

- 0000282–0000285 (with attachments at 0000286–0000400) must be produced. This is an email thread that copies Mr. Eloian and other representatives of Delta (notably, the privilege

log omits that these individuals are copied on the email). Plastridge has not met its burden of demonstrating that this email thread and its attachments should be shielded from discovery because of the work product doctrine.

- 0000401–0000405 must be produced. This is an email thread that copies Mr. Eloian and other representatives of Delta (notably, the privilege log omits that these individuals are copied on the email). Plastridge has not met its burden of demonstrating that this email thread should be shieled from discovery because of the work product doctrine.

- 0000406–0000409 must be produced. Nothing in this email thread indicates it should be protected from discovery as work product.

- 0000410 must be produced in its native format, and, as already addressed in section I, the redactions are appropriate.

- 0000411–0000415 must be produced. Nothing in this email thread indicates it should be protected from discovery as work product.

- 0000416–0000420 (with attachments at 0000421–0000449) must be produced. Nothing in this email thread indicates it

7

should be protected from production to Mr. Eloian and Delta as an attorney-client privileged communication or work product because those communications are with Mr. Eloian and other Delta representatives.

- 0000450–0000453 (with attachments at 0000454–0000456) must be produced. Nothing in this email thread indicates it should be protected from production to Mr. Eloian and Delta as an attorney-client privileged communication or work product because those communications are with Mr. Eloian and other Delta representatives.

- 0000457 (with attachments at 0000458–0000473) must be produced. Nothing in this email thread indicates it should be protected from production to Mr. Eloian and Delta work product because those communications are with Mr. Jimmy Kalyvas as a Delta representative.

- 0000474–0000477 must be produced. Nothing in this email thread indicates it should be protected from production to Mr. Eloian and Delta as work product because those communications are with Mr. Eloian and other Delta representatives.

8

- 0000478−0000482 (with attachments at 0000483−0000597) must be produced for the same reasons as above. Nothing in this email thread indicates it should be protected from production to Mr. Eloian and Delta as work product because those communications are with Mr. Eloian and other Delta representatives.

- 0000598−0000601 must be produced. This email thread does not constitute protected work product. Even if this email thread was work product, it would constitute "fact work product." Fact work product is subject to qualified protection and may be discoverable upon a showing of substantial need and an inability to obtain the substantial equivalent of the materials by other means without undue hardship." *Bingham v. Baycare Health Sys.*, No. 8:14-CV-73-T-23JSS, 2016 WL 1546504 at *4 (M.D. Fla. Apr. 15, 2016) (citations omitted). The defendants have a substantial need to obtain discovery of this email thread to determine on what date the plaintiffs had notice of the Underlying Litigation.

- 0000604−0000609 must be produced because Plastridge has not met its burden of demonstrating that the attorney-client

9

privilege and work product doctrine protection shield this email thread from discovery.

- 0000610–0000613 must be produced because Plastridge has not met its burden of demonstrating that the attorney-client privilege and work product doctrine protection shield this email thread from discovery.

- 0000614–0000618 (with attachments 0000619–0000647) must be produced. Nothing in this email thread indicates it should be protected from production to Mr. Eloian and Delta as an attorney-client communication or work product because those communications are with Mr. Eloian and other Delta representatives. The final email in the thread is from Mr. Jimmy Kalyvas with Delta to Plastridge.

- 0000648–0000651 (with attachment 0000652–0000654) must be produced. Nothing in this email thread indicates it should be protected from production to Mr. Eloian and Delta as an attorney-client communication or work product because those communications are with Mr. Eloian and other Delta representatives. The final email in the thread is from Mr. Jimmy Kalyvas with Delta to Plastridge.

- 0000655 must be produced because Plastridge has not met its burden of demonstrating that the work product doctrine protection shields this email thread from discovery.

- 0000656−0000657 (with attachment 0000658−0000673) must be produced. Nothing in this email thread indicates it should be protected from production to Mr. Eloian and Delta as work product because the email thread is between Mr. Jimmy Kalyvas with Delta and Plastridge.

- 0000674−0000675 must be produced because Plastridge has not met its burden of demonstrating that the work product doctrine protection shields this email thread from discovery.

- 0000676 must be produced in native format for the rows dated up to November 22, 2024. Plastridge has not met its burden of demonstrating that the attorney-client privilege or work product doctrine shield this data from discovery.

- 0000677 (with attachments at 0000678−0000696) must be produced because Ms. Stein with Cole, Scott, and Kissane sent the email to both Ms. Edge and Ms. Smith at Trans11. Plastridge has not met its burden of demonstrating that this email thread and its attachments should be shielded from

11

discovery because of attorney-client privilege or the work product doctrine.

- 0000697 (with attachments at 0000698–0000700) must be produced because Ms. Stein with Cole, Scott, and Kissane sent the email to Ms. Edge and it is unclear how this email thread should be protected from production to Mr. Eloian and Delta as work product when Ms. Stein's firm was retained to represent Mr. Eloian and Delta in the Underlying Litigation.

- 0000701–0000706 must be produced. Plastridge has not met its burden of demonstrating that this email thread is protected by the work product doctrine or the attorney-client privilege. Notably, this email thread includes communications with Mr. Eloian and another Delta representative.

- 0000707–0000712 must be produced. Plastridge has not met its burden of demonstrating that this email thread is protected by the work product doctrine or the attorney-client privilege. Notably, this email thread includes communications with Mr. Eloian and another Delta representative.

- 0000713 must be produced. This email receipt is not work product.

- 0000714 must be produced. This email receipt is not work product.

- 0000715−0000719 must be produced. Plastridge has not met its burden of demonstrating that this email thread is protected by the work product doctrine or the attorney-client privilege. Notably, this email thread includes communications with Mr. Eloian and another Delta representative.

- 0000720−0000724 (with attachment at 0000725−0000727) must be produced. Plastridge has not met its burden of demonstrating that this email thread is protected by the work product doctrine or the attorney-client privilege. Notably, this email thread includes communications with Mr. Eloian and another Delta representative.

- 0000728 (with attachments 0000729−0000737) must be produced. Plastridge has not met its burden of demonstrating that this email thread is protected by the work product doctrine or the attorney-client privilege. Notably, this email thread includes communications with Mr. Eloian and another Delta representative.

- 0000738 must be produced because Ms. Stein, with Cole, Scott,

13

and Kissane, sent the email to Ms. Edge, and it is unclear how this email thread should be protected from production to Mr. Eloian and Delta as an attorney-client privileged communication or work product when Ms. Stein's firm was retained to represent Mr. Eloian and Delta in the Underlying Litigation.

- 0000739–0000740 must be produced because Ms. Stein, with Cole, Scott, and Kissane, sent the email to Ms. Edge, and it is unclear how this email thread should be protected from production to Mr. Eloian and Delta as an attorney-client privileged communication or work product when Ms. Stein's firm was retained to represent Mr. Eloian and Delta in the Underlying Litigation.

- 0000741–0000742 must be produced because Ms. Stein, with Cole, Scott, and Kissane, sent the email to Ms. Edge, and it is unclear how this email thread should be protected from production to Mr. Eloian and Delta as an attorney-client privileged communication or work product when Ms. Stein's firm was retained to represent Mr. Eloian and Delta in the Underlying Litigation.

14

- 0000743 must be produced because Ms. Stein, with Cole, Scott, and Kissane, sent the email to Ms. Edge, and it is unclear how this email thread should be protected from production to Mr. Eloian and Delta as an attorney-client privileged communication or work product when Ms. Stein's firm was retained to represent Mr. Eloian and Delta in the Underlying Litigation.

- 0000744−0000745 must be produced because Plastridge has not met its burden of demonstrating that the attorney-client privilege or the work product doctrine protection shields this email thread from discovery.

- 0000746 (with attachment 0000747−0000754) must be produced. Plastridge cannot meet its burden of demonstrating that this email should be shielded from production to Mr. Eloian and Delta because the email is written from counsel to Mr. Eloian and Jimmy Kalyvas with Delta. Plastridge has not met its burden of demonstrating that this email thread and its attachments should be shielded from discovery because of attorney-client privilege or the work product doctrine.

- 0000755 must be produced. Plastridge has not met its burden

15

of demonstrating that this email thread is shielded from discovery by the work product doctrine or the attorney-client privilege.

- 0000756 must be produced. This read receipt is not work product or an attorney-client privileged communication.

- 0000757 must be produced. This read receipt is not work product or an attorney-client privileged communication.

- 0000758–0000762 must be produced. Plastridge has not met its burden of demonstrating that this email thread is shielded from discovery by the work product doctrine or the attorney-client privilege.

- 0000763–0000764 (with attachment 0000765–0000767) must be produced. Plastridge cannot meet its burden of demonstrating that this email should be shielded from production to Mr. Eloian and Delta because the email is written from counsel to Mr. Eloian and Jimmy Kalyvas with Delta. Plastridge has not met its burden of demonstrating that this email thread and its attachments should be shielded from discovery because of attorney-client privilege or the work product doctrine.

16

- 0000768 (with attachments 0000769−0000786) must be produced. Plastridge cannot meet its burden of demonstrating that this email should be shielded from production to Mr. Eloian and Delta because the email is written from counsel to Mr. Eloian and Jimmy Kalyvas with Delta. Plastridge has not met its burden of demonstrating that this email thread and its attachments should be shielded from discovery because of attorney-client privilege or the work product doctrine.

- 0000787, 0000788, 0000789, 0000790, 0000791, 0000792, and 0000793 must be produced. These read receipts are not work product.

- 0000794 must be produced. Plastridge has not met its burden of demonstrating that this email is shielded from discovery by the work product doctrine.

- 0000795−0000796 must be produced because Plastridge has not met its burden of demonstrating that this voicemail is shielded from discovery by the work product doctrine. 0000796 must be produced in native format.

- 0000797−0000798 must be produced. Plastridge has not met its burden of demonstrating that this email is shielded from

17

discovery by the work product doctrine.

- 0000799–0000803 must be produced. Plastridge has not met its burden of demonstrating that this email is shielded from discovery by the work product doctrine.

- 000804–0000809 must be produced. Plastridge has not met its burden of demonstrating that this email thread is shielded from discovery by the work product doctrine or by attorney-client privilege. Notably, any communications between counsel and client within this email thread are between Mr. Eloian and Jimmy Kalyvas with Delta and their counsel in the Underlying Litigation so that does not shield this email thread from production to Mr. Eloian and Delta in this litigation.

- 0000810–0000811 must be produced. Plastridge has not met its burden of demonstrating that this voicemail should be shielded from production as work product. 0000811 must be produced in native format.

- 0000812 must be produced. This read receipt does not constitute work product.

- 0000813–0000817 must be produced. Plastridge has not met its burden of demonstrating that this email thread should be

18

shielded from discovery by the work product doctrine or by attorney-client privilege.

- 0000818 (with attachment 0000819–0000821) must be produced. Plastridge cannot meet its burden of demonstrating that this email should be shielded from production to Mr. Eloian and Delta because the email is written from counsel to Mr. Eloian and Jimmy Kalyvas with Delta. Plastridge has not met its burden of demonstrating that this email thread and its attachments should be shielded from discovery because of attorney-client privilege or the work product doctrine.

- 0000822 must be produced. Plastridge cannot meet its burden of demonstrating that this email should be shielded from production to Mr. Eloian and Delta because the email is written from counsel to Mr. Eloian and Jimmy Kalyvas with Delta. Plastridge has not met its burden of demonstrating that this email should be shielded from discovery because of attorney-client privilege or the work product doctrine.

2. PlastridgeInCameraReview_0000796.MP3

3. PlastridgeInCameraReview_0000811.MP3

If necessary, Plastridge, or AXA XL on behalf of Plastridge, may submit

19

a motion for reconsideration of the undersigned's rulings in section II and provide legal argument and support for why the claimed attorney-client privilege or work product designation is appropriate. As explained in this court's Discovery Manual, "[a] party asserting a privilege or other protection against discovery normally has the obligation to establish, by affidavit of a competent witness or other evidence, all facts essential to the establishment of the privilege or protection. The attorney asserting the privilege or other protection against discovery should also file a memorandum of law specifically defining the privilege or protection being asserted and citing relevant legal authority." Middle District Discovery (2021) at Section VI.B.1.

If Plastridge (or AXA XL on behalf of Plastridge) wishes to file a motion for reconsideration of any of the rulings in section II, the motion is due **by March 31, 2026**. The response to such motion must be filed **by April 7, 2026.**

Any documents in section II that are not the subject of a motion for reconsideration must be produced by **March 31, 2026**.

**ORDERED** in Tampa, Florida, on March 24, 2026.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

20