UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXA XL INSURANCE COMPANY
UK LIMITED, et al.,

     Plaintiffs,

v.                              Case No. 8:25-cv-202-WFJ-AAS

GARY MCPHERSON as Personal
Representative of the ESTATE of
VIRGINIA MCPHERSON, et al.,

     Defendants.
_____/

## ORDER

Defendants Delta Healthcare II, LLC d/b/a Seasons Largo Assisted Living & Memory Care (Delta) and Michael Eloian move to compel Plaintiffs MS Amlin Corporate Member Ltd (MS Amlin) and Renaissance Re Corporate Capital (UK) Ltd (Renaissance) to amend their responses to Interrogatory numbers 2, 5, and 20 of Defendants' Interrogatories, produce for *in camera* inspection discovery responsive to Request numbers 1, 9−13, 16−17, and 20−22 of Defendants' Request for Production, and to amend their responses to Request numbers 16 and 17 of Defendants' Request for Production. (Doc. 114). MS Amlin and Renaissance responded in opposition. (Doc. 120).

1

## I.    Background

The plaintiffs initiated this declaratory judgment action to seek relief from their obligation to defend and indemnify the defendants. (Doc. 1). The plaintiffs contend Delta and Mr. Eloian breached the insurance policies' prompt-notice provisions and thereby forfeited any right to a defense and indemnity under the insurance policies.

On February 5, 2026, the court granted and denied in part Delta's and Mr. Eloian's motion to compel discovery directed at Plaintiff AXA XL Insurance Company UK Limited (AXA XL). (Doc. 94). Delta and Mr. Eloian now request MS Amlin and Renaissance "amend their discovery responses to match the Court's previous ruling as to AXA XL." (Doc. 114, p. 2). Delta and Mr. Eloian argue MS Amlin and Renaissance should be compelled to produce "the same discovery the Court already compelled as to AXA XL." (*Id.* at 4).

In support of their position, Mr. Eloian and Delta "incorporate, by reference, their previous briefing, the transcript from the prior motion to compel hearing, and the Court's Order. *See* ECF Nos. 64, 94, 105." (Doc. 114, p. 4). In response, MS Amlin and Renaissance argue: (1) the disputed discovery is not relevant or proportional to the issue of timely notice or resulting prejudice; (2) Delta and Mr. Eloian misrepresent the discovery history; (3) incorporation by reference is improper; and (4) the motion is untimely. (*See* Doc. 120).

## II.    Analysis

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps the parties ascertain facts bearing on the issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

Mr. Eloian and Delta have not met the initial burden of proving the requested discovery is relevant and proportional. Mr. Eloain and Delta attempted to incorporate by reference past arguments because "the parties already briefed and the Court already heard the same issues from Defendants' motion to compel against AXA XL." (Doc. 114, p. 4). However, the Local Rules explicitly prohibit incorporation by reference. Local Rule 3.01(h), M.D. Fla. ("A motion, other legal memorandum, or brief may not incorporate by reference all

3

or part of any other motion, legal memorandum, or brief.").

Aside from improperly attempting to incorporate by reference past arguments, Mr. Eloian and Delta only anticipate MS Amlin's and Renaissance's response and argue that "[a]s alleged, MS Amlin and Renaissance seek declaratory relief . . . because they underwrite a substantial portion−42.222222%−of the risk" and MS Amlin's and Renaissance's position that they are "follow-market underwriters" and not "lead underwriters" is absent from the complaint.[1] (Doc. 114, p. 4). Mr. Eloian and Delta do not affirmatively make a showing the disputed discovery is relevant and proportional.

In the response, MS Amlin and Renaissance argue the rationale applied in the motion to compel AXA XL (Doc. 64) to produce documents that may reveal information concerning when notice was first given does not apply to the non-lead insurers the same way. (Doc. 120, p. 6). In addition, they argue both MS Amlin and Renaissance "followed the determinations made by AXA XL" and "did not learn of the claim prior to AXA XL's receiving actual notice from TransEleven." (Doc. 120, pp. 3, 4).

Upon consideration, the undersigned agrees with MS Amlin's and Renaissance's contention that "additional information about the follow-

---

[1] The overall lead is AXA XL and MS Amlin and Renaissance did not make separate claim determinations. (Doc. 120, p. 3).

market's subjective discussions concerning coverage . . . is . . . not proportional to the needs of the case." (Doc. 120, p. 4). The defendants do not make any argument that MS Amlin or Renaissance received notice from the defendants before Plastridge, TransEleven, or AXA XL. In addition, Mr. Eloian and Delta do not argue any other reason why this discovery would be relevant and proportional to the needs of the case.[2] Indeed, MS Amlin and Renaissance affirmatively state they "did not learn of the claim prior to AXA XL's receiving actual notice from TransEleven." (Doc. 120, p. 4). Therefore, additional discovery efforts into MS Amlin's and Renaissance's coverage discussions are not proportional to the needs of the case.

## III. Conclusion

Accordingly, Mr. Eloian's and Delta's motion to compel MS Amlin and Renaissance is **DENIED**.

**ORDERED** in Tampa, Florida on April 6, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] Even if the motion to compel AXA XL (Doc. 64) could be properly incorporated by reference, that motion never asserts a justification for discovery into MS Amlin's or Renaissance's claim files. Generally, the defendants argue they did not violate the prompt notice provisions because TransEleven, Plastridge, and AXA XL received notice of the claim on August 7, 2023 and again on September 20, 2024. (*See* Doc. 64). MS Amlin and Renaissance are not substantively mentioned in the motion to compel AXA XL.