UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXA XL INSURANCE COMPANY
UK LIMITED, et al.,

      Plaintiffs,

v.                           Case No. 8:25-cv-202-WFJ-AAS

GARY MCPHERSON as Personal
Representative of the ESTATE of
VIRGINIA MCPHERSON, et al.,

      Defendants.
_____/

## ORDER

Plaintiff AXA XL Insurance Company UK Limited (AXA XL) moves to compel Defendant Delta Healthcare II, LLC d/b/a Seasons Largo Assisted Living & Memory Care (Delta) to "(a) produce all documents responsive to item two of Plaintiffs' Request for Production served on September 2, 2025 to Delta; or (b) provide a supplemental response to item fourteen of [AXA XL's] Interrogatories served on September 2, 2025." (Doc. 119, pp. 1–2). Delta responded in opposition. (Doc. 130). AXA XL replied to the response. (Doc. 141).

## I.     Background

This is a coverage action. The plaintiffs seek a coverage determination concerning their duty to defend and indemnify the defendants in a state court

1

wrongful death suit filed after the death of Virgina McPherson. Defendant Gary McPherson, as personal representative for the estate of Virgina McPherson, alleged that on or around May 31, 2023, Virginia McPherson suffered a ground-level fall while a resident of Delta's assisted-living facility. (Doc. 119, p. 2).

Delta contends the plaintiffs wish to exclude coverage under two theories (1) delayed notice and (2) the policies' fall exclusion. (Doc. 130, p. 2). Delta alleges, "Plaintiffs want to show there was a specific instance of fall on the premises between May 31, 2023 and June 2, 2023 that resulted in the underlying state court action and would not be covered under the polices." (*Id.*). In the reply, AXA XL explicitly objects to this representation.[1] (Doc. 141, p. 4). Delta acknowledges Ms. McPherson suffered a hip fracture, but asserts "there was no specific instance of any documented fall or incident showing where and how this hip injury occurred." (Doc. 130, p. 2).

This motion concerns these two discovery requests:

---

[1] "No they don't. Plaintiffs want to know the truth, whatever it is." (Doc. 141, p. 4)

## Request for Production Number Two:[2]

All emails, text messages, memos, written notes, or other written internal communications between persons working for Delta concerning or referencing Virginia McPherson (or her estate) between the date that she fell at Delta's facility and was taken to a hospital and October 18, 2024.

**Delta's Response:** Delta objects to the request as vague, ambiguous, and overly broad in that it fails to identify an applicable time period or date of the purported fall and does not define or identify "persons working for Delta." Additionally, the request assumes Ms. McPherson fell while a resident at the assisted-living facility.

(Docs. 119, p. 5; 119-2, pp. 3−4).

## Interrogatory Number Fourteen:[3]

Have you deleted, discarded, thrown away, destroyed, shredded, or otherwise disposed of any paper or electronic documents relating in any way to Virginia McPherson or her estate's claims against Delta or Eloian? If so, please describe the paper or electronic document, the date and time and reason it was deleted destroyed, shredded, or otherwise disposed of, the means by which it was deleted, destroyed, shredded, or otherwise disposed of, the reason it was deleted, destroyed, shredded, or otherwise disposed of, and a summary of the contents of the electronic or paper document.

**Delta's Response:** No.

(Docs. 119, p. 4; 119-1, p. 9).

---

[2] Plaintiff's Request for Production to Delta served on September 2, 2025.

[3] AXA XL's Interrogatories to Delta served on September 2, 2025.

3

The plaintiffs "seek an order compelling Delta to produce the documents _or_ correct its interrogatory answer denying it lost them." (Doc. 141, p. 1). AXA XL contends "Delta's discovery responses are not merely incomplete–they are irreconcilable with sworn testimony from its former Executive Director [Chistina Savoia] establishing the existence of responsive, non-produced documents." (Doc. 119, p. 4). They argue the Rules require Delta to supplement its responses.

Delta counters "[t]here is no basis to compel materials of an investigation . . . based on a 'fall' that no one testified ever actually happened and an incident report that does not exist." (Doc. 130, pp. 18–19). Further, Delta argues the proper method of challenging alleged inconsistencies between the deposition testimony and discovery responses is through cross-examination, not Rule 37(a)(4). (_Id._).

## II.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery. It states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

4

proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-ACC-T_S, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted).

Federal Rule of Civil Procedure 26(e)(1)(A) requires a party to supplement or correct its response to an interrogatory or request for production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Further, Federal Rule of Civil Procedure 37(a)(4) states, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

## III.   Analysis

### A.   Request for Production No. 2

Beginning with RFP no. 2, AXA XL argues the court should overrule Delta's objection that "the request assumes Ms. McPherson fell while a resident at the assisted-living facility." (Doc. 119. p. 9). The plaintiffs possess an incident report from Delta indicating Ms. McPherson fell on April 28, 2023. (Doc. 119, p. 10). Delta contends AXA XL "improperly conflates Ms. McPherson's April 2023 fall with the events of May and June 2023." (Doc. 130, p. 5). The crux of Delta's argument is that the April fall is irrelevant to this

5

case and outside the scope of the RFP because the request is directed at the date ranges in the complaint. The complaint alleges the fall "occurred either on May 31, 2023 or June 2, 2023," not in April. (Doc. 1, p. 11).

Upon consideration, the court overrules Delta's objection that "the request assumed Ms. McPherson fell while a resident at the assisted-living facility." Delta itself admits Ms. McPherson fell at the facility.[4]

The court also overrules Delta's objection that the request is "vague, ambiguous, and overly broad in that it fails to identify an applicable time period or date of the purported fall and does not define or identify "persons working for Delta." A reasonable and natural interpretation of the request leads to the conclusion the time frame and source of communications is not vague, ambiguous, or overly broad. *See Fischer v. Hart*, No. 8:23-CV-1610-SDM-SPF, 2025 WL 1029309 at *3 (M.D. Fla. Apr. 7, 2025) ("While the Court agrees that Plaintiff's request is capable of an overly broad . . . interpretation, attorneys responding to discovery requests have a duty to 'reasonably and naturally' interpret the requests.") (quoting Middle District Discovery (2021) at III(A)(6)).

---

[4] "Delta does not dispute Ms. McPherson ever fell. Rather, Defendants have long made clear to Plaintiffs that Ms. McPherson did not have a documented fall within the dates alleged by Plaintiffs to trigger any incident report or formal investigation process." (Doc. 130, p. 6).

First, the applicable time frame begins at the date Ms. McPherson fell. Delta admits Ms. McPherson fell on April 28, 2023. (Doc. 130, p. 6). Despite the complaint pleading the date of the fall as May 31, 2023 or June 2, 2023 a reasonable interpretation of the request captures the fall in April. Second, there is nothing ambiguous about the phrase "persons working for Delta."

However, the request for "[a]ll emails, text messages, memos, written notes, or other written internal communications . . . concerning or referencing Virginia McPherson (or her estate)" is overly broad. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("Even when a party fails to object with specificity and the court compels a response to a discovery request, the court's order should compel only what is reasonable under the circumstances."). This is overly broad because all documentation relating to Ms. McPherson would capture records unrelated to any fall or related investigation into an alleged fall. Therefore, the motion to compel as to RFP no. 2 is **GRANTED in part.** Delta must produce, to the extent it has not already done so and any exist, all nonprivileged communications between persons working for Delta concerning or referencing Ms. McPherson (or her estate) and a fall, a fall investigation, or notice of potential litigation related to a fall between the documented date she fell, April 28, 2023, and was taken to a hospital and October 18, 2024.

7

### B.    Interrogatory No. 14

AXA XL argues Delta's response to Interrogatory no. 14 is incomplete or incorrect and must be supplemented because it is contradicted by Christina Savoia's sworn deposition testimony. (Doc. 119, p. 11–12). AXA XL contends Ms. Savoia's testimony confirms written statements from the staff, in the form of the handwritten documents, and notes and/or emails exist or existed that are related to a fall or fall investigation. (*See* Doc. 119, pp. 6–8). Based on this testimony AXA XL argues that either (1) Delta must produce the investigatory files and internal emails or (2) amend its interrogatory answer to reflect that the files were not preserved.

Delta disagrees. Delta argues AXA XL mischaracterizes Ms. Savoia's testimony and any inconsistency, to the extent any exists, between Ms. Savoia's sworn testimony, four other individuals' sworn depositions, and the discovery responses should be challenged through cross-examination, not through Rule 37(a)(4). In turn, AXA XL argues Delta mischaracterizes Ms. Savoia's sworn deposition testimony. (Doc. 141, pp. 2–4). Specifically, AXA XL disputes the characterization in Delta's response (Doc. 130, p. 4) that "Ms. Savoia admitted she had trouble remembering the specifics of any investigation or whether any written statements existed." (Doc. 141, pp. 2–4). To the contrary, the plaintiffs argue "Ms. Savoia testified unequivocally that

that there was a physical file including written statements and emails . . . ." (Doc. 141. p. 3).

AXA XL, relying on Ms. Savoia's testimony, contends a file consisting of handwritten statements from staff and internal emails regarding Ms. McPherson's alleged fall and hip fracture either must exist or must have been destroyed. The sworn deposition testimony from four individuals: (1) Wendy Haskins; (2) LaTonya Ferguson; (3) Karin Pastor Alcalde and (4) Rosa Galvez suggests a third option—that there was no May or June to fall to trigger any incident report or corresponding investigation. (Doc. 130, pp. 10–13). Delta argues the response to Interrogatory no. 14 is not evasive or incomplete because no investigatory file existed in the first place and therefore no files were destroyed. The court identifies yet another possibility that an investigatory file does exist relating to the April fall, which is being withheld pursuant to Delta's objection to Request for Production no. 2. However, given that Delta now must produce these files to the extent they do exist, it does not necessarily make the answer to the interrogatory incorrect. If the materials related to an investigation did exist, but no longer do, then Delta must supplement its Interrogatory answer.

Accordingly, the motion to compel (Doc. 119) is **GRANTED and DENIED in part** as to Interrogatory no. 14. The request is **DENIED** to the

9

extent that a review of all of the deposition testimony does not lead to the conclusion that the answer to Interrogatory no. 14 is necessarily evasive or incomplete. To the extent any investigatory materials do exist and were withheld pursuant to the objection in RFP no. 2, they are now due to be produced. The request is **GRANTED** to the extent that if the investigatory materials did exist and no longer exist, Delta must amend its interrogatory answer.

## IV.    Conclusion

Accordingly, AXA XL's motion to compel (Doc. 119) is **GRANTED in part and DENIED in part.** The motion to compel is **GRANTED in part** to the extent that Delta's objections to Request for Production no. 2 are overruled and Delta must produce, to the extent it has not already done so and if any exist, all nonprivileged communications between persons working for Delta concerning or referencing Ms. McPherson (or her estate) and a fall, a fall investigation, or notice of potential litigation related to a fall between the date she fell, April 28, 2023, and was taken to a hospital and October 18, 2024. The motion (Doc. 119) is **DENIED in part** to extent that the answer to Interrogatory no. 14 is not necessarily evasive or incomplete and to the extent any of the documents in question exist, they will be captured by Request for Production no. 2. The motion is **GRANTED in part** to the extent the answer

10

to Interrogatory no. 14 must be supplemented if the investigatory materials did exist and no longer exists. The deadline for Delta to comply with this order is **April 22, 2026**.

      **ORDERED** in Tampa, Florida, on April 16, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge